Andrea F. Oxman (SBN 252646)
Martin P. Vigodnier (SBN 311834)
Randi K. Tolbert (SBN 361645)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Andrea.Oxman@jacksonlewis.com
Randi.Tolbert@jacksonlewis.com
Martin.vigodnier@jacksonlewis.com

Attorneys for Defendant
FISHER SAND & GRAVEL CO.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS LOW,<br><br>Plaintiff,<br><br>vs.<br><br>FISHER SAND & GRAVEL CO.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**DEFENDANT FISHER SAND & GRAVEL CO.'S NOTICE OF REMOVAL**<br><br>*[Filed concurrently with Declarations of Andrea F. Oxman and Todd Mack; Certification and Notice of Interested Parties; Corporate Disclosure Statement Pursuant to FRCP 7.1; and Civil Case Cover Sheet]* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEY(S) OF RECORD:**

PLEASE TAKE NOTICE THAT, on this date, based on the allegations of the Complaint of Plaintiff TRAVIS LOW ("Plaintiff"), Defendant FISHER SAND & GRAVEL CO. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Inyo ("Inyo County Superior Court") to the United States District Court for the Eastern District of California pursuant to 28 U.S.C.

§§1332(a) and 1441. The removal of this action terminates all proceedings in the Inyo County Superior Court. *See* 28 U.S.C. § 1446(d). Defendant's removal of this action is proper for the reasons set forth below.

## I. INTRODUCTION

1. Defendant removes this case to this Court based on diversity jurisdiction. Complete diversity of citizenship exists between Plaintiff TRAVIS LOW ("Plaintiff") and Defendant FISHER SAND & GRAVEL CO. ("Defendant"), and the amount in controversy far exceeds $75,000 based on Plaintiff's individual claims. As set forth below, jurisdiction within the District Court is proper on the grounds herein described, and the action is timely and properly removed upon the filing of this Notice of Removal.

## II. VENUE AND STATEMENT OF JURISDICTION

2. This Action was filed in the Inyo County Superior Court. Therefore, venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 84(a), 1391 and 1441(a).

3. This Court has original jurisdiction over the instant action under 28 U.S.C. § 1332(a) because this matter is between citizens of different states and the amount in controversy exceeds $75,000.

4. Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ." 28 U.S.C. § 1332(a)(1). As set forth below, this case meets all of the diversity statute's requirements for removal. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

5. On July 30, 2026, Plaintiff filed a Complaint for Damages against Defendant in Inyo County Superior Court, entitled *TRAVIS LOW vs. FISHER SAND & GRAVEL CO., a corporation*, Case Number: 26UC74066.

6. In the Complaint, Plaintiff asserts the following fifteen (15) causes of action: (1) Violation of California Labor Code § 510 (Failure to Pay Overtime); (2) Violation of California Labor Code §§ 226.7, 512(a) (Failure to Provide Meal and Rest Breaks); (3)

Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1 (Failure to Pay Minimum Wage); (4) Violation of California Labor Code §§ 226(a), 1174(d) (Failure to Keep Accurate and Provide Itemized Wage Statements); (5) Violation of California Labor Code §§ 2800, 2802 (Failure to Reimburse); (6) Violation of California Labor Code § 204 (Failure to Pay All Wages Owed); (7) Violation of California Labor Code §§ 201, 202, 203 (Failure to Pay Wages Upon Termination); (8) Violation of the California Family Rights Act, Cal. Gov. Code §§ 12945.2 et seq.; (9) Disability Discrimination in Violation of Gov. Code § 12940 et seq.; (10) Failure to Provide Reasonable Accommodation in Violation of Gov. Code § 12940 et seq.; (11) Retaliation in Violation of Gov. Code § 12940 et seq.; (12) Failure to Prevent Retaliation & Discrimination in Violation of Gov. Code § 12940 et seq.; (13) Failure to Engage in a Good Faith Interactive Process in Violation of Gov. Code § 12940 et seq.; (14) Wrongful Termination in Violation of Public Policy; and (15) Violation of Business & Professions Code § 17200 et seq. (*See* **Exhibit A** attached to the Declaration of Andrea F. Oxman ("Oxman Decl."), ¶ 2, Complaint at pp. A-2–A-3.).

On August 27, 2026, Defendant, through counsel, signed a Notice and Acknowledgment of Receipt ("NAR") pursuant to California Code of Civil Procedure ("CCP") § 415.30, acknowledging receipt of the Summons, Complaint, and related court documents. (Oxman Decl., ¶ 3, **Exhibit B**.) Under CCP § 415.30, service is deemed complete on the date of signing. As of the date of this Notice of Removal, **Exhibits "A" and "B"** to the Oxman Declaration constitute all of the pleadings received or served upon Defendant in this matter. (Oxman Decl., ¶ 4.).

8. On information and belief, Defendant is the only viable named defendant in the State Court Action. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in and consent to the removal of the action.") All other defendants in the State Court Action have been sued under the fictitious names DOES 1 through 50. (Oxman Decl., ¶ 2, **Exhibit A**, Complaint, ¶¶ 3–6, at pp. A-3–A-4.). In determining whether a civil action is removable based on diversity jurisdiction, the

citizenship of defendants sued under fictitious names shall be disregarded. *See* 28 U.S.C. § 1441(b)(1).

## III. <u>TIMELINESS OF REMOVAL</u>

9. This removal is timely because it is filed within thirty (30) days after service of Plaintiff's Summons and Complaint on Defendant, and it thus falls within the time period mandated by 28 U.S.C. § 1446(b)(1).

10. Defendant, through counsel, signed the NAR acknowledging receipt of the Complaint on August 27, 2026. (*See* Oxman Decl., ¶ 3, **Exhibit B**). Under CCP § 415.30, service is deemed complete on the date of signing.

11. Thirty (30) days from August 27, 2026 is September 26, 2026.

12. This Notice of Removal has been filed within thirty (30) days after Defendant was served with a copy of the Summons and Complaint. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–348 (1999) (service of process is the official trigger for responsive action by a named defendant). *See also Gray v. Extended Stay Am., Inc.*, No. 2:19-cv-01269-MCE-EFB, 2020 U.S.Dist.LEXIS 46262, at *9–10 (E.D. Cal. Mar. 16, 2020) (denying Plaintiff's motion to remand because, *inter alia*, "the dispositive date [of service] is the day upon which acknowledgment of receipt is executed and returned to the sender. . . . Defendant's Acknowledgment of Receipt of the summons was executed on June 11, 2019, meaning that the July 9, 2019 Notice of Removal was timely because it was filed within 30 days of that date. For these reasons, the Court finds that Defendant's Notice of Removal was timely.") (internal citations omitted); *CIT Bank, N.A. v. Westchester Fire Ins. Co.*, No. 2:18-CV-09742-ODW (PJW), 2019 U.S.Dist.LEXIS 55846, at *3, fn. 2 (C.D. Cal. Mar. 29, 2019) (denying remand and holding removal was timely because service under CCP § 415.30 was effected when defense counsel signed and

returned the Notice of Acknowledgment of Receipt, stating that if service was effected under § 415.30, then "the 30-day time limit for removal began" when counsel executed the notice of acknowledgment of receipt).

## IV. DIVERSITY OF CITIZENSHIP

13. This Notice of Removal is based in part on diversity jurisdiction under 28 U.S.C. § 1332(a). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and Defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

15. This Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as discussed below.

16. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

17. Plaintiff's Complaint alleges that Plaintiff "resided in California."[1] (Oxman Decl., ¶ 2, **Exhibit A**, Complaint, ¶¶ 1, at p. A-3.) However, Defendant's personnel records

---

[1] Plaintiff's Complaint with the California Civil Rights Department alleges that Plaintiff resides in Glendale. (*See* Oxman Decl., ¶ 2, **Exhibit A**, Complaint of Employment Discrimination Before the State of California Civil Rights Department, at p. A-34.) Even if Plaintiff resides in California, diversity of the parties is established complete diversity of citizenship exists because Defendant is a citizen of North Dakota and Plaintiff is not. (Declaration of Todd Mack ("Mack Decl."), ¶¶ 3–5).

from the time of Plaintiff's hire (July 26, 2022) reflect an address in Las Vegas, Nevada. (Declaration of Todd Mack ("Mack Decl."), ¶ 5). Regardless of whether Plaintiff is domiciled in California or Nevada, complete diversity of citizenship exists because Defendant is a citizen of North Dakota, as set forth below, and Plaintiff is not. On the basis of the allegations in the Complaint and the available evidence, Plaintiff should properly be construed as a citizen of the State of California for purposes of this removal. (Mack Decl., ¶¶ 3–4).

18. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct and coordinate the corporation's activities. *Id.* A corporation can only have one "nerve center." *Id.* at 93–94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weight corporate functions, assets, or revenues in each state. *Id.* at 95–96.

19. Defendant is not a citizen of California. At the time Plaintiff filed the Complaint and presently, Defendant is a corporation organized under the laws of the State of North Dakota with its principal place of business in Dickinson, North Dakota, where the Company maintains substantial corporate operations and decision-making functions. (Mack Decl., ¶¶ 3–4). Accordingly, for purposes of removal, Defendant is a citizen of the State of North Dakota and is not a citizen of the State of California, nor is the company a citizen of the State of Nevada. 28 U.S.C. § 1332(c); *Hertz Corp.*, 559 U.S. at 80–81; *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

20. The only other defendants named in Plaintiff's Complaint are merely fictitious parties identified as "DOES 1 – 50," whose citizenship must be disregarded for the purpose

of removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Thus, there are no other defendants to join in the removal of this action to this Court.

21. Therefore, because Plaintiff is a citizen of California, or in the alternative, a citizen of Nevada, and the sole named defendant is not a citizen of California or Nevada, complete diversity of citizenship exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 1332.

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

22. This Court has jurisdiction over this case because this action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors addressed above, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

23. Defendant's Notice of Removal "[n]eed include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Defendant need not submit evidence in support of its notice of removal. *Id.* at 87 ("[t]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Even if an evidentiary showing was required, Defendant need only show by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied. *Id.* at 88; *see also Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

24. In measuring the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993)

("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969)).

25. The amount in controversy may include general and special compensatory damages, and attorneys' fees which are recoverable by statute. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031, 1033–1034 (N.D. Cal. 2002) (holding that general damages for emotional distress are included in the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155–1156 (9th Cir. 1998) (attorney's fees may be taken into account to determine jurisdictional amount). Punitive damages and civil penalties are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002).

26. Here, though Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, the preponderance of the evidence demonstrates that Plaintiff is seeking damages in excess of the $75,000 jurisdictional requirement in this action.

27. Plaintiff's Complaint seeks actual, consequential, and incidental damages, including lost earnings and employee benefits, compensatory damages "in a sum according to proof," as well as restitution under California Business and Professions Code section 17200, pre- and post-judgment interest, punitive and exemplary damages, attorneys' fees, costs, and such other relief as the Court deems just and proper. (*See* Oxman Decl., ¶ 2, **Exhibit A**, Complaint, ¶¶ 70, 103, 117, 130, 142, 144, 152, 153, 174, 179, at pp. A-12, A-17, A-19, A-20, A-22, A-23, A-27; Prayer for Relief, ¶¶ 1, 5, 7, 9, 10, 11, at p. A-28.).

Although the Complaint does not specify a dollar amount, the nature and scope of Plaintiff's claims — including unlawful discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), failure to accommodate in violation of FEHA, wrongful termination, and multiple violations of California's Labor Code and wage and hour provisions over approximately fourteen (14) months of employment — place the amount in controversy well in excess of $75,000.

28. More specifically, Plaintiff was employed by Defendant from approximately August 2022 through October 17, 2023, and earned an hourly rate of at least $25.00 per hour when he was hired. (Mack Decl., ¶ 5.) Plaintiff alleges he was terminated on October 17, 2023, (Oxman Decl., ¶ 2, **Exhibit A**, Complaint, ¶ 1, at p. A-1), and further alleges that, as a direct result of Defendant's conduct, he suffered loss of earnings and future earning capacity. (Oxman Decl., ¶ 2, **Exhibit A**, Complaint, ¶¶ 103, 117, 130, 142, 144, 152, 153, 174, at pp. A-17, A-19, A-20, A-22, A-23, A-27.) Assuming for purposes of removal only the truth of Plaintiff's allegations, and without conceding liability, Plaintiff's alleged past lost wages from the date of his termination through the date of removal would total approximately **$153,000** ($25.00 × 40 hours per week × approximately 153 weeks).

This figure alone exceeds the $75,000 jurisdictional threshold. Moreover, Plaintiff seeks recovery for emotional distress damages, future lost earnings and earning capacity, punitive damages, statutory penalties, attorneys' fees, costs, and restitution, all of which further increase the amount in controversy. (*See* Oxman Decl., ¶ 2, **Exhibit A**, Complaint, ¶¶ 49, 57–58, 61, 64, 70, 75, 85, 90, 102–104, 115, 117–119, 129–131, 140, 142, 144–145, 152–156, 166–167, 174–176, 179, at pp. A-9–A-25, A-27, A-28; Prayer for Relief ¶¶ 3–5, 7, 10, 11, at p. A-28.) Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

29. Emotional distress damages like those Plaintiff seeks in connection with his FEHA claims, (*see* Oxman Decl., ¶ 2, **Exhibit A**, Complaint, ¶¶ 45, 102, 115, 118, 129, 140, 154, 166, 175, at pp. A-9, A-16–A-21, A-23, A-25, A-27), frequently result in substantial awards in employment cases, even where the plaintiff does not seek formal

treatment. *Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 U.S.Dist.LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("emotional distress damages in discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). *See also Keiffer v. Bechtel Corp.*, 65 Cal.App.4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages); *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement."); *Canales v. Performance Food Grp., Inc.*, No. CV 17-7464 JGB (JPRx), 2017 U.S.Dist.LEXIS 197363 at *10–12 (C.D. Cal. Nov. 30, 2017) (noting that emotional distress damages in employment discrimination actions may range from $25,000 to over $100,000); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 U.S.Dist.LEXIS 25921 at *12–14 (C.D. Cal. March 3, 2015) (holding amount in controversy was satisfied because in employment discrimination and failure to accommodate cases, emotional distress damages can range from $125,000 to $500,000); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033–1034 (N.D. Cal. 2002) (noting that emotional distress damages in employment actions are often substantial); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038–40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

30. Emotional distress damages further augment the amount in controversy and demonstrate that the jurisdictional prerequisite for removal of this action is met. *See Kroske v. US Bank Corp.*, 432 F.3d 976 (9th Cir. 2005) (holding that emotional distress damages are included in determining amount in controversy). When even a conservative estimate of

emotional distress damages is added to Plaintiff's alleged wage loss, the amount in controversy clearly exceeds $75,000, exclusive of punitive damages, statutory penalties, and attorneys' fees—each of which Plaintiff also seeks.

31. Based on the foregoing authority and Plaintiff's allegations, the emotional distress component of Plaintiff's potential damages could, conservatively, add at least **$75,000** to the amount in controversy.

32. Plaintiff's Complaint also seeks an unspecified amount of attorneys' fees in connection with Plaintiff's claims, which the Court must consider and include in the amount in controversy. (*See* Oxman Decl., ¶ 2, **Exhibit A**, Complaint, ¶¶ 49, 57–58, 85, 103–104, 117, 119, 130–131, 144–145, 152, 155, at pp. A-9, A-10, A-14, A-17, A-19, A-20, A-22, A-23; Prayer for Relief, ¶¶ 3, 10 at p. A-28). *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945; *see also Alvarado v. Home Depot U.S.A., Inc.*, No. 18-cv-611-MMA(NLS), 2018 U.S.Dist.LEXIS 95435, at *7–10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy); (*Baker v. Tech Data Corp.*, No. 5:21-cv-02096-JWH (SPx), 2022 U.S.Dist.LEXIS 66950 at *4 (C.D. Cal. April 11, 2022) ("Contrary to [Plaintiff's] argument, 'a court ***must include future attorneys' fees*** recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.'") (emphasis in original) (internal citations omitted).

33. Attorneys' fees awards in employment matters often exceed $75,000. *See e.g.*, *Wysinger v. Auto. Club of S. Cal.* 157 Cal.App.4th 413, 430–31 (2007) (upholding attorneys' fee award of $978,791.00 for discrimination/retaliation case that went to trial). "Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours." *Baker*, *supra*, 2022 U.S.Dist.LEXIS 66950 at *5 (quoting *Sasso*, *supra*, 2015 U.S.Dist.LEXIS 25921 at *6 (C.D. Cal. Mar. 3, 2015)). Courts have regularly adopted a $300 per hour rate for attorneys' fees in

employment actions. *Solorzano v. Alsco Inc.*, No. 2:21-cv-03690-SVW-JC, 2021 U.S.Dist.LEXIS 129517 (C.D. Cal. July 12, 2021) at *3–4 (citing *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S.Dist.LEXIS 76351 at *15 (C.D. Cal. May 30, 2014)).

34. Here, Plaintiff's Complaint alleges fifteen (15) causes of action. To date, Plaintiff has filed an initial pleading and also will need to confer with defense counsel pursuant to Rule 26(f), file his initial disclosures, propound and respond to written discovery requests, review documents and exchange documents, depose Defendant's witnesses, defend Plaintiff's deposition, oppose discovery and dispositive motions, depose third-party witnesses, participate in an alternative dispute resolution, engage expert witnesses, and take the case to trial. Assuming a conservative rate of $300.00 per hour, and conservatively assuming only 200 hours of attorney time spent by Plaintiff's counsel through trial, Plaintiff's recoverable attorneys' fees would total approximately **$60,000**. *Sasso*, *supra*, 2015 U.S.Dist.LEXIS 25921, at *12

35. Plaintiff also seeks to recover punitive damages. (*See* **Exhibit A**, Complaint at Prayer for Relief). Although Defendant vigorously denies Plaintiff's allegations that he is entitled to any damages, let alone punitive damages, if Plaintiff was to prevail, punitive damages alone could exceed the $75,000 jurisdictional minimum. *See, e.g.*, *Ponce v. Medical Eyeglass Ctr., Inc.*, No. 2:15-CV-04035-CAS (JEMx), 2015 U.S.Dist.LEXIS 98517, at *11–12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

36. In sum, it is more likely than not that Plaintiff's alleged damages exceed $75,000, and, as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover more than the jurisdictional amount if he prevails at trial, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied.[2] *See Sanchez*

[2] Plaintiff's Complaint asserts numerous causes of action in addition to his FEHA claims, including claims for unpaid minimum and overtime wages, unpaid meal and rest period premiums, failure to reimburse necessary business expenses, failure to pay all wages owed, waiting time penalties, failure to provide accurate wage statements, violation of the California Family Rights Act, wrongful termination in violation of public policy, and

*v. Monumental Life Ins.*, 102 F.3d 398, 403–404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

37. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. §1332, and this action may be removed by Defendant to this Court, pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## VI. NOTICE TO COURT AND ALL PARTIES

38. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on Plaintiff and also filed with the Clerk of the Inyo County Superior Court. All procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

## VII. NO ADMISSION

39. Defendant does not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor does Defendant concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil or statutory penalties, punitive damages, attorneys' fees, or any other relief.

## VIII. CONCLUSION AND REQUESTED RELIEF

40. For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b). Accordingly, Defendant hereby removes the above-captioned action from the Inyo County Superior Court to this Court based on diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully requests this Court proceed with this matter as if it had been originally filed herein, and retain jurisdiction for all further proceedings.

---

violation of Business and Professions Code section 17200. (*See* Oxman Decl., ¶ 2, **Exhibit A**, Complaint, *generally*.) Without waiving the right to establish that each of these claims independently puts into controversy additional amounts—and without waiving any defense that certain claims fail to state a claim upon which relief can be granted—the claims analyzed above, standing alone, put the amount in controversy well over $75,000.

41. The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant removes the above-entitled action now pending in the Inyo County Superior Court to this Court.

Dated: September 25, 2026

**JACKSON LEWIS P.C.**

By *<u>/s/ Andrea F. Oxman</u>*

Andrea F. Oxman
Martin P. Vigodnier
Randi K. Tolbert

Attorneys for Defendant
FISHER SAND & GRAVEL CO.

4933-0446-0492, v. 6