Andrea F. Oxman (SBN 252646)
Martin P. Vigodnier (SBN 311834)
Randi K. Tolbert (SBN 361645)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Andrea.Oxman@jacksonlewis.com
Randi.Tolbert@jacksonlewis.com
Martin.vigodnier@jacksonlewis.com

Attorneys for Defendant
FISHER SAND & GRAVEL CO.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS LOW,<br><br>Plaintiff,<br><br>vs.<br><br>FISHER SAND & GRAVEL CO.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**DECLARATION OF ANDREA F. OXMAN IN SUPPORT OF DEFENDANT FISHER SAND & GRAVEL CO.'S NOTICE OF REMOVAL**<br><br>*Filed concurrently with Notice of Removal, Declaration of Todd Mack; Corporate Disclosure Statement Pursuant to FRCP 7.1; Notice of Interested Parties; and Civil Case Cover Sheet]* |

# DECLARATION OF ANDREA F. OXMAN

I, Andrea F. Oxman, declare:

1. I am an attorney duly admitted to practice law before all courts of the State of California and the United States District Court for the Eastern District of California, where I am in good standing. I am a Principal with the law firm of Jackson Lewis P.C., attorneys of record for FISHER SAND & GRAVEL CO. ("Defendant") in the above-referenced case filed by Plaintiff TRAVIS LOW ("Plaintiff"). I am one of the attorneys primarily responsible for the handling of this matter and am familiar with documents that have been served on Defendant to date. I have reviewed the online docket available on the California Superior Court for the County of Inyo's (the "Superior Court") website for this matter, including on today's date, and am familiar with documents on file in this matter, as well as notices and orders issued by the Superior Court. I have personal knowledge as to the matters set forth herein and, if called to testify in this matter, I could and would competently testify thereto. I submit this declaration in support of Defendant's Notice of Removal of Action.

2. Plaintiff filed a Complaint against Defendant on July 30, 2026 in the Superior Court of the State of California, County of Inyo, Case No. 26UC74066. A true and correct copy of the Complaint and all documents served on Defendant with the Complaint are attached hereto as **Exhibit A**.

3. On August 27, 2026, my office signed and returned to Plaintiff's counsel on behalf of Defendant a Notice and Acknowledgment of Receipt ("NAR") pursuant to California Code of Civil Procedure § 415.30, acknowledging receipt of the Summons, Complaint, and related court documents. A true and correct copy of the executed Notice and Acknowledgment of Receipt is attached hereto as **Exhibit B**.

4. As of the date of Defendant's Notice of Removal, Exhibits "A" and "B" constitute all pleadings and papers received by or served upon Defendant in this action.

5. I am not aware of any individual or entity being substituted in as a Doe defendant in the state court action.

6. To the best of my knowledge and based on information and belief, Defendant is the only defendant that has been served to date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of September 2026, at Los Angeles, California.

*/s/Andrea F. Oxman*
Andrea F. Oxman

4937-6753-7868, v. 1

# EXHIBIT A

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Haig B. Kazandjian, Esq. (SBN 278622); Joseph C. Rocha Esq. (SBN 315164)<br>FIRM NAME: HAIG B. KAZANDJIAN LAWYERS, APC<br>STREET ADDRESS: 801 North Brand Blvd, Suite 1015<br>CITY: Glendale STATE: CA ZIP CODE: 91203<br>TELEPHONE NO.: 818-696-2306 FAX NO. : 818-696-2307<br>E-MAIL ADDRESS: haig@hbklawyers.com; joseph@hbklawyers.com<br>ATTORNEY FOR (*Name*): Plaintiff, Travis Low | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** INYO<br>STREET ADDRESS: 168 North Edwards Street<br>MAILING ADDRESS: 168 North Edwards Street<br>CITY AND ZIP CODE: Independence, CA 93526<br>BRANCH NAME: Independence Courthouse | |
| Plaintiff/Petitioner: Travis Low<br>Defendant/Respondent: Fisher Sand & Gravel Co. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>26UC74066 |

TO *(insert name of party being served):* Defendant, Fisher Sand & Gravel Co.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 7, 2026

Joseph C. Rocha, Esq.
(TYPE OR PRINT NAME)

▶ /s/ Joseph C. Rocha
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

1. Complaint; 2. Summons; 3. Civil Case Cover Sheet; 4. Alternative Dispute Resolution

***(To be completed by recipient):***

Date this form is signed: ____________________

____________________
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ ____________________
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

ELECTRONICALLY FILED
Superior Court of California,
Inyo County
07/30/2026 at 05:17:21 PM
By: Sara Nelson, Deputy Clerk

Haig B. Kazandjian, Esq. Bar No.: 278622
haig@hbklawyers.com
Cathy Gonzalez, Esq. Bar No. 310625
cathy@hbklawyers.com
Joseph C. Rocha, Esq. Bar No.: 315164
joseph@hbklawyers.com
**HAIG B. KAZANDJIAN LAWYERS, APC**
801 North Brand Boulevard, Suite 1015
Glendale, California 91203
Telephone: 1-818-696-2306
Facsimile: 1-818-696-2307

*Attorneys for* Plaintiff TRAVIS LOW

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF INYO**

TRAVIS LOW,

Plaintiff,

vs.

FISHER SAND & GRAVEL CO.; and DOES 1 through 50, inclusive,

Defendants.

**Case No.** 26UC74066

**COMPLAINT FOR DAMAGES & PENALTIES:**

1. **Violation of California Labor Code § 510 and the applicable Wage Orders (Failure to Pay Overtime);**
2. **Violation of California Labor Code § 226.7, 512(a) and the applicable Wage Orders (Failure to Provide Meal and Rest Breaks);**
3. **Violation of Labor Code § 1182.12, 1194, 1197, 1197.1, and the applicable Wage Orders (Failure to Pay Minimum Wage);**
4. **Violation of California Labor Code § 226(a), 1174(d), and (Failure to Keep Accurate and Provide Itemized Wage Statements);**
5. **Violation of California Labor Code § 2800 and 2802 *et. seq*. (Failure to Reimburse);**
6. **Violation of California Labor Code § 204 (Failure to Pay All Wages Owed);**
7. **Violation of California Labor Code § 201, 202, and 203 (Failure to Pay Wages Upon Termination);**
8. **Violation Of California Family Rights Act, Cal. Gov. Code §§12945.2 *et. seq*.;**
9. **Violation of California Government Code § 12940 *et. seq*. (Disability Discrimination)**

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

**10. Violation of California Government Code § 12940 *et. seq*. (Failure to Provide Reasonable Accommodation);**
**11. Violation of California Government Code § 12940 *et. seq*. (Retaliation);**
**12. Violation of California Government Code § 12940 *et. seq*. (Failure to Prevent Retaliation & Discrimination);**
**13. Violation of California Government Code § 12940 *et. seq*. (Failure to Engage in Good Faith Interactive Process);**
**14. Wrongful Termination in Violation of Public Policy; and**
**15. Violation Of California Business and Professions Code §17200, *et seq*.**

Plaintiff TRAVIS LOW (hereinafter referred to as "PLAINTIFF") alleges as follows:

**PARTIES**

1. PLAINTIFF is an individual who resided in California and was employed by FISHER SAND & GRAVEL CO., (hereinafter along with DOES 1-50, collectively referred to as "DEFENDANTS"), from on or about August 1, 2022, and worked for EMPLOYERS until on or about October 17, 2023, when he was wrongfully terminated.

2. PLAINTIFF is informed and believes, and based on such information and belief, alleges that at all times mentioned herein, DEFENDANT FISHER SAND & GRAVEL CO., is a corporation, licensed to do business and actually doing business in the State of California.

3. PLAINTIFF is informed and believes, and based on such information and belief, alleges that DEFENDANT FISHER SAND & GRAVEL CO. operates as a business encompassing all aspects of the aggregate production and heavy civil construction industries. Thus, DEFENDANTS are subject to the applicable California laws as alleged throughout this Complaint.

4. PLAINTIFF is unaware of the true names and capacities, whether corporate, individual, or otherwise, of DEFENDANT named as DOES 1 through 50, inclusive. Pursuant to California Code of Civil Procedure section 474, PLAINTIFF will seek leave of court to amend this complaint to state said DEFENDANT'S true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes, and based thereon alleges, that

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

said fictitiously named DEFENDANTS are legally responsible for the events and happenings referred to in this Complaint and unlawfully caused PLAINTIFF's injuries and damages as alleged in this Complaint.

5. The term "DEFENDANTS" used throughout this Complaint includes all named DEFENDANTS whether corporate, individual, or otherwise, and all unnamed DEFENDANTS whether corporate, individual, or otherwise, that are now unknown but are referred to throughout this Complaint as DOES 1 through 50, inclusive.

6. At all times herein mentioned, DEFENDANTS ratified each and every act or omission complained herein.

## VENUE AND JURISDICTION

7. Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure section 395 and under California Government Code section 12965(b), in that DEFENDANTS conduct business within the County of Inyo, and each Defendant is within the jurisdiction of this Court for service of process. PLAINTIFF's injuries were incurred within the County of Inyo, the actions giving rise to PLAINTIFF's Complaint arose within the County of Inyo, and DEFENDANTS are located in the County of Inyo.

8. This court has personal jurisdiction over DEFENDANTS because, upon information and belief, DEFENDANTS have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise over it by the California courts consistent with traditional notions of fair play and substantial justice.

## STATEMENT OF FACTS

9. Plaintiff was hired by Defendants as an Engineer Operator/Truck Driver on or about August 1, 2022.

10. Defendant FISHER SAND & GRAVEL CO., is, and at all relevant times was, a corporation engaged in the aggregate production and heavy civil construction industries.

11. Throughout his employment, Plaintiff performed all assigned job duties in a satisfactory and competent manner.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

12. California Labor Code sections 510 and the applicable Wage Orders require employers to pay employees working more than eight (8) hours in a day or more than 40 hours in a week at the rate of at least time-and-one-half (1.5) times their regular rate of pay ("overtime") for time such worked, and two (2) times their regular rate of pay ("double time") for such hours worked in excess of 12 hours in a day. "Regular rate" includes all remuneration, including non-discretionary bonuses and incentives.

13. During the relevant time period, Plaintiff regularly worked in excess of eight (8), and in excess of 12, hours in a workday and/or 40 hours in a workweek

14. Defendants failed to pay Plaintiff overtime wages in accordance with California law for hours worked in excess of eight (8) hours in a day and/or forty (40) hours in a workweek.

15. For the majority of Plaintiff's employment, Defendants required Plaintiff to attend mandatory thirty-minute pre-shift meetings before being permitted to clock in. Plaintiff was not compensated for this off-the-clock work.

16. For the majority of Plaintiff's employment, Defendants failed to authorize, permit, and provide Plaintiff with legally compliant ten-minute rest breaks and failed to pay required rest-break premiums.

17. Defendants routinely required Plaintiff to perform work tasks before and/or after Plaintiff's scheduled shifts, and/or during off-the-clock meal breaks, and/or during rest breaks. As a consequence, Defendants willfully failed to pay Plaintiff all of the wages to which he was entitled.

18. California Labor Code sections 226.7, 512(a), and the applicable Wage Orders require employers to pay employees one (1) additional hour of pay at the employees' regular rate for each work day that a legally compliant meal and/or rest break was not provided. Employers cannot require, cause, or permit an employee to work more than five (5) hours per day without providing an uninterrupted meal break. If an employee works over ten (10) hours in a workday, employers are required to either provide a second, uninterrupted 30-minute meal break or pay employees an additional one (1) hour of pay at the employees' regular rate. If the employer fails to properly record a valid meal period, it is presumed that no meal period was

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

provided. Furthermore, no employer shall require an employee to work during any rest period. Rest periods requirements are based on the total hours worked; employees are legally entitled to ten (10) minutes per four (4) hours, or major fraction thereof, that employee worked.

19. Defendants failed to provide Plaintiff with the required rest and meal break periods. Plaintiff was routinely required to work through these periods instead, because of understaffing, inadequate coverage, unreasonably high workload and expectations, and/or other actions, inactions, or decisions made by and within the sole control and discretion of Defendants.

20. Plaintiff worked shifts in excess of five (5) hours without a meal break, and worked shifts of ten (10) hours or more without a second meal break, due to understaffing, inadequate coverage, unreasonably high workload and expectations, and/or other actions, inactions, or decisions made by and within the sole control and discretion of Defendants.

21. Plaintiff is informed and believes, and based thereon alleges, that any purported appearance of meal and rest break compliance is because Defendants systematically and routinely clocked out for and/or otherwise altered the timekeeping records of Plaintiff in an attempt to hide the aforementioned infractions.

22. Defendants, knowingly and contrary to law and public policy, employed a tactic of clocking-out employees for rest and/or meal periods that were never taken and/or were legally non-compliant, and/or otherwise falsified or altered timekeeping records.

23. Defendants knew, or should have known, that their behavior caused Plaintiff to work through the above-described meal and/or rest periods.

24. As a company-wide policy, Defendants still chose not to pay meal and rest period premiums required by law.

25. California Labor Code sections 1182.12, 1194, 1197, and 1197.1 require employers to pay the minimum wage as set by the IWC. California Labor Code section 1182.12, as amended by Senate Bill 3, Chapter 4, Section 3, defines the minimum.

26. The minimum wage standard applies to each hour employees worked for which they were not paid. Therefore, employer's failure to pay for any particular hour worked by an employee is unlawful even if averaging an employee's total pay over all hours worked, paid or

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

not, results in an average hourly wage above minimum wage.

27. As alleged throughout this Complaint, due to the company-wide failures of Defendants, Plaintiff was forced to work off-the-clock before and/or after his scheduled work shifts, and/or during rest breaks, and/or during meal breaks. Defendants failed to pay Plaintiff minimum wages for this time and/or falsified timekeeping records to hide this fact.

28. California Labor Code Sections 2800 and 2802 require that an employer indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties.

29. On multiple occasions, Defendants required Plaintiff to use his personal cellular telephone as a primary means of work-related communication during and after working hours. Defendants failed to reimburse Plaintiff for these necessary business expenses.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive certain wages for overtime compensation and that she was not receiving wages for overtime compensation.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known the Plaintiff was entitled to receive all meal periods or payments of one (1) additional hour of pay at Plaintiff's regular rate of pay when a meal period was missed, and that he did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's regular rate of pay when a meal period was missed.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed, and that he did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive payment of at least minimum wage for all hours of work performed while under the control of Defendants, and that Plaintiff

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

did not, in fact, receive payment of at least minimum wage for all hours of work performed while under control of Defendants

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to reimbursement for necessary business-related expenses, and that Plaintiff did not, in fact, receive reimbursement for necessary business-related expenses, including, but not limited to, personal cell phone use.

35. Plaintiff remained employed by Defendants until on or about October 17, 2023, when Defendants wrongfully terminated his employment.

36. During his employment, Plaintiff complained to Defendants regarding unsafe working conditions. Defendants failed and refused to take corrective action.

37. On or about June 7, 2023, Plaintiff sustained a work-related injury while operating heavy machinery in the course and scope of his employment. Plaintiff promptly reported the injury to his supervisor, Mike Free.

38. Following the injury, Plaintiff was placed on light-duty work with medical restrictions, including but not limited to lifting no more than ten (10) pounds, avoiding prolonged standing, refraining from ladder use, and avoiding use of his back.

39. Plaintiff was referred to and attended physical therapy multiple times per week for severe lower back pain, neck pain, and related symptoms arising from his work-related injury.

40. Plaintiff attempted to engage in the interactive process regarding reasonable accommodations. Supervisor Mike Free told Plaintiff to “figure it out.” Thereafter, Defendants repeatedly violated Plaintiff’s medical work restrictions, exacerbating his injuries.

41. While on medical leave, Plaintiff made repeated efforts to notify Defendants of the violations and of his work restrictions and to seek assistance. Defendants were wholly nonresponsive.

42. On or about October 17, 2023, while Plaintiff was on disability leave, Defendants abruptly and wrongfully terminated Plaintiff’s employment by letter sent on company letterhead via courier.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

43. As a direct and proximate result of Defendants' actions, Plaintiff was unable to secure employment for nearly one year. Additionally, due to the work-related injuries sustained during his employment, Plaintiff has been physically unable to operate heavy machinery, substantially impairing his ability to earn a living.

44. Despite being an exemplary employee, Defendants discriminated against and/or retaliated against Plaintiff on or about October 17, 2023, due to his safety complaints and his requests for reasonable accommodations related to his work-related injuries.

45. Defendants' conduct constituted extreme and outrageous behavior, causing Plaintiff severe emotional distress. Plaintiff has suffered significant medical and financial hardship as a result of his wrongful termination, leaving him in a state of total duress.

46. Prior to filing this action, Plaintiff timely filed charges and complaints with the California Civil Rights Department and received a Notice of Right to Sue. Plaintiff has exhausted all required administrative remedies.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

## FIRST CAUSE OF ACTION

**Violation of California Labor Codes § 510**

**Failure to Pay Overtime**

**(Against DEFENDANTS)**

47. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

48. DEFENDANTS had a consistent policy of failing to pay overtime wages in violation of California state wage and hour laws by not paying overtime to PLAINTIFF when he worked over eight (8) hours in a day and/or 40 hours in a workweek.

49. As a result of DEFENDANTS' unlawful acts, PLAINTIFF has been deprived of his full overtime in amounts to be determined at trial, and is entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 218.5, 510, 558, 1194, and 1199.

## SECOND CAUSE OF ACTION

**Violation of California Labor Codes § 226.7, 512(a)**

**Failure to Provide Rest and Meal Breaks**

**(Against DEFENDANTS)**

50. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

51. At all times herein set forth, the California IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to PLAINTIFF's employment by DEFENDANTS.

52. California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

53. DEFENDANTS did not provide PLAINTIFF with meal periods consistent with the requirements of Labor Code section 512.

54. DEFENDANTS violated Labor Code sections 226.7 and 512 by employing PLAINTIFF for work periods of more than five (5) hours, without providing legally adequate meal periods such as short, on-duty, late, and/or interrupted meal periods and by failing to provide compensation for unprovided and/or legally inadequate meal periods, as alleged above.

55. PLAINTIFF also regularly worked in excess of four (4) hours, or a major fraction thereof, without being afforded a 10-minute rest period during which PLAINTIFF was relieved of all duties as required by Labor Code section 226.7 and the IWC Wage Orders.

56. As a direct and proximate result of DEFENDANTS violation of Labor Code section 226.7, PLAINTIFF has suffered irreparable harm and monetary damages.

57. PLAINTIFF seeks damages and all other permissible relief, including premium pay for each work shift of four (4) hours or a major fraction thereof during which PLAINTIFF was not provided a full 10-minute uninterrupted rest period, attorney's fees, and prejudgment interest, pursuant to Labor Code sections 200, et seq.

58. As a further result of DEFENDANTS unlawful acts, PLAINTIFF has been deprived of premium wages in amounts to be determined at trial, and is entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226.7, 512, 558, as well as the I.W.C. Wage Orders.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

59. PLAINTIFF also is entitled to one (1) hour of pay for each day for which PLAINTIFF was not provided legally compliant rest and/or meal period(s).

**<u>THIRD CAUSE OF ACTION</u>**

**Violation of Labor Code § 1182.12, 1194, 1197, 1197.1,**

**Failure to Pay Minimum Wage**

**(Against DEFENDANTS)**

60. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

61. At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and the applicable Wage Orders provide that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of the applicable minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

62. During the relevant time period, DEFENDANTS failed to pay minimum wage to PLAINTIFF as required, pursuant to California Labor Code sections 1182.12, 1194, 1197, 1197.1, and the applicable Wage Orders.

63. DEFENDANTS' failure to pay PLAINTIFF the minimum wage as required violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and the applicable Wage Orders.

64. Pursuant to California Labor Code 1197.1, PLAINTIFF is entitled to recover a penalty of $100.00 for the initial failure to timely pay minimum wages, and $250.00 for each subsequent failure to pay minimum wages.

65. Pursuant to California Labor Code section 1194.2, PLAINTIFF is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**<u>FOURTH CAUSE OF ACTION</u>**

**Violation of California Labor Code § 226(a) and 1174(d)**

**Failure to Keep Accurate and Provide Itemized Payroll Records**

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

**(Against DEFENDANTS)**

66. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

67. DEFENDANTS have intentionally and willfully failed to keep accurate and complete payroll records showing PLAINTIFF's hours worked and the wages paid to PLAINTIFF, thereby violating California Labor section 1174(d).

68. As a result of DEFENDANTS violation of California Labor Code section 1174(d), PLAINTIFF has suffered injury and damage to his statutorily protected rights.

69. More specifically, PLAINTIFF has been injured by DEFENDANTS' intentional and willful violation of California Labor Code section 1174(d) because PLAINTIFF was denied both PLAINTIFF's legal right and protected interest in having available, accurate, and complete payroll records pursuant to California Labor Code section 1174(d).

70. Therefore, PLAINTIFF is entitled to recover all actual, consequential, incidental losses, damages, and statutory penalties, pursuant to California Labor Code section 1174.

71. Furthermore, California Labor Code Section 226(a) requires DEFENDANTS to provide itemized wage statements at the time of payment of wages, which includes, but is not limited to the following: gross wages earned, the correct total hours worked by the employee, the correct net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the correct legal entity that is the employer, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

72. PLAINTIFF contends that they have been injured by DEFENDANTS' failure to provide all of the requisite information on its itemized wage statements in that such failure, *inter alia:* (1) masks possible and actual underpayments to PLAINTIFF; and (2) makes it difficult for PLAINTIFF to verify that they have in fact been paid the proper amounts owing for all hours worked. DEFENDANTS' conduct was done knowingly and intentionally, as DEFENDANTS are aware of California law, and with the design to harm PLAINTIFF.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

73. As a result of DEFENDANTS' violation of California Labor Code section 226(a), PLAINTIFF has suffered injury and damage to his statutorily protected rights.

74. More specifically, PLAINTIFF has been injured by DEFENDANTS intentional and willful violation of California Labor Code section 226(a) because they have been denied both his legal right to receive, and his protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

75. Pursuant to the foregoing, PLAINTIFF is entitled to recover from DEFENDANTS the greater of his actual damages caused by DEFENDANTS' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars.

**<u>FIFTH CAUSE OF ACTION</u>**

**Violation of California Labor Code §§ 2800 and 2802**

**Unreimbursed Business Expenses**

**(Against DEFENDANTS)**

76. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

77. PLAINTIFF incurred necessary and business-related expenses and costs that DEFENDANTS did not reimburse PLAINTIFF for, including, but not limited to, personal cell phone use, throughout the duration of his employment with DEFENDANTS.

78. DEFENDANTS knew that PLAINTIFF was incurring such costs throughout the duration of his employment with DEFENDANTS. Despite this, DEFENDANTS intentionally and willfully failed to reimburse PLAINTIFF for all necessary and business-related expenses and costs.

79. PLAINTIFF is entitled to recover from DEFENDANTS his business-related expenses and costs incurred during the course and scope of his employment, plus interest accrued from the date on which PLAINTIFF incurred the necessary expenditures at the same rate as judgements in civil actions in the State of California.

**<u>SIXTH CAUSE OF ACTION</u>**

**Violation of California Labor Code § 204**

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

**Failure to Pay All Wages Owed**

**(Against DEFENDANTS)**

80. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

81. At all times relevant during the liability period, PLAINTIFF was an employee of DEFENDANTS covered by Labor Code sections 204 and 223.

82. Pursuant to Labor Code sections 204 and 223, PLAINTIFF was entitled to receive, on regular paydays, all wages earned and at the correct rate of pay for the pay period corresponding to the payday.

83. DEFENDANTS failed to pay PLAINTIFF all wages earned in each pay period. PLAINTIFF is informed, believes, and thereon alleges, that at all times relevant during the liability period, DEFENDANTS maintained a policy and practice of not paying PLAINTIFF: (i) all straight time, overtime, and double time wages for hours worked, and (ii) premium wages for all unprovided meal and rest periods.

84. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent they were not paid all wages due each pay period. The precise amount of unpaid wages is not presently known to PLAINTIFF but can be determined directly from DEFENDANTS' records or indirectly based on information from DEFENDANTS' records.

85. Pursuant to Labor Code sections 210, 218.5 and 218.6, PLAINTIFF is entitled to recover the full amount of his unpaid wages, penalties, interest thereon, reasonable attorneys' fees and costs of suit.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 201, 202, 203**

**Failure to Pay Wages Upon Termination**

**(Against DEFENDANTS)**

86. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

26UC74066

87. During the relevant time period, DEFENDANTS intentionally and willfully failed to pay PLAINTIFF, who is no longer employed by DEFENDANTS, his wages, earned and unpaid, at the time PLAINTIFFS employment terminated.

88. DEFENDANTS failure to pay PLAINTIFF, who is no longer employed by DEFENDANTS, his wages, earned and unpaid, at the time of his separation, is in violation of California Labor Code section 201 and 202.

89. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with section 201, then the employee's wages shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

90. PLAINTIFF is entitled to recover from DEFENDANTS the statutory penalty wages for each day PLAINTIFF was not paid, up to a thirty (30) day maximum, pursuant to California Labor Code section 203.

**EIGHTH CAUSE OF ACTION**

**Violation of California Government Code §§ 12945.2, et seq.**

**Violation of the California Family Rights Act**

**(Against DEFENDANTS)**

91. PLAINTIFF re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein

92. PLAINTIFF was an employee of DEFENDANTS who qualified for leave due to an actual and/or perceived physical/mental disability pursuant to California Government Code § 12945.2 et seq.

93. At all times mentioned herein, DEFENDANTS were PLAINTIFF's employer who regularly employed 50 or more employees, and therefore within the definition provided by California Government Code § 12945.2.

94. If an employee is not eligible for CFRA leave at the start of a leave because the employee has not met the 12-month length of service requirement, the employee may nonetheless meet this requirement while on leave, because leave to which the employee is

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

otherwise entitled counts toward length of service. Therefore, within the definition provided by California Code of Regulations § 11087(g)(3)(B), PLAINTIFF was an employee of DEFENDANTS who was qualified for protected leave pursuant to the CFRA.

95. California Code of Regulations § 11094(a) further declares, "It shall be an unlawful employment practice for any person to discriminate or retaliate against any individual, because that individual has exercised the right to CFRA leave."

96. PLAINTIFF was entitled to protected medical leave pursuant to the California CFRA, and DEFENDANTS retaliated against PLAINTIFF by wrongfully terminating PLAINITFF for requesting reasonable accommodation and taking protected medical leave.

97. However, as a result of PLAINTIFF requesting and/or taking a legally protected CFRA leave, PLAINTIFF was subjected to discriminatory and retaliatory treatment by DEFENDANTS as further alleged herein.

98. In doing the acts alleged herein, DEFENDANTS were substantially motivated by PLAINTIFF requesting a reasonable accommodation to not lift items over ten pounds as directed by his physician.

99. In violation of CFRA, DEFENDANTS, knew or should have known about, and failed to investigate or properly investigate to prevent or remedy the retaliation and discrimination in violation of the CFRA.

100. The acts of discrimination and retaliation described herein were sufficiently pervasive so as to alter the conditions of employment and created an abusive working environment.

101. PLAINTIFF was targeted by DEFENDANTS because he requested a reasonable accommodation to not lift items over ten pounds as directed by his physician. PLAINTIFF's exercising his rights under CFRA were substantial motivating factors in DEFENDANTS adverse employment actions including but not limited to DEFENDANTS wrongfully terminating PLAINTIFF on or about October 17, 2023.

102. As a result of the acts and omissions of DEFENDANTS, PLAINTIFF was rendered disabled and suffered, among other things, numerous worsening injuries, severe fright,

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

shock, pain, discomfort and anxiety. Further, PLAINTIFF continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

103. PLAINTIFF suffered actual damages pursuant to Cal. *Civil Code* § 3333, including loss of earnings and future earning capacity, past and/or future medical and related expenses, attorneys' fees, and other pecuniary loss not yet ascertained, for which PLAINTIFF will seek leave of court to amend when ascertained.

104. As a result of the discriminatory and retaliatory acts of DEFENDANTS, as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

**NINTH CAUSE OF ACTION**

**Violation of Government Code Section 12940 et seq.**

**Disability Discrimination**

**(Against DEFENDANTS)**

105. PLAINTIFF re-alleges and incorporates, by reference, all preceding paragraphs as if fully set forth herein.

106. PLAINTIFF was a member of a protected class as a result of PLAINTIFF's actual and/or his perceived disability and/or serious medical condition, caused by a work-related injury and/or need for accommodations.

107. At all times relevant herein, PLAINTIFF was an actual, perceived, and/or potentially disabled person within the meaning of California Government Code § 12926.1(b) *et seq.,* because PLAINTIFF was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical disability (s).

108. PLAINTIFF'S aforesaid disability was caused and exacerbated by the hostile work environment he was subjected to by DEFENDANTS.

109. As a result of PLAINTIFF's actual and/or perceived disability, PLAINTIFF was subjected to disparate working terms and conditions in comparison to PLAINTIFF'S nondisabled counterparts.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

110. PLAINTIFF was able to perform the essential functions of his job either with and/or without reasonable accommodations.

111. Notwithstanding, DEFENDANTS made the decision to terminate PLAINTIFF as a result of his disability.

112. At all times relevant herein, DEFENDANTS and their agents failed to timely, properly, and completely investigate the discrimination PLAINTIFF was subjected to. As such, DEFENDANTS ratified and condoned the unlawful conduct.

113. The acts and conduct of DEFENDANTS were in violation of California Government Code § 12940 *et seq*., which impose certain duties upon them concerning discrimination against persons, such as PLAINTIFF, on the basis of his actual and/or perceived disability and/or serious medical condition, caused by a work-related injury, and/or need for accommodations. These statutes were intended to prevent the type of injury and damage herein set forth.

114. By the acts and conduct described above, DEFENDANTS, and each of them, in violation of said statutes, knew about, and/or should have known about, and failed to investigate and/or properly investigate, prevent, or remedy the actual/perceived physical/mental disability discrimination.

115. As a result of the acts and omissions of DEFENDANTS, PLAINTIFF was rendered sick and disabled and suffered, among other things, numerous injuries, including, but not limited to severe emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

116. As a further result of the acts and omissions of DEFENDANTS, and each of them, PLAINTIFF has been forced and will be forced to incur expenses for medical care and laboratory costs during the period of his disability, and is informed and believes, and thereon alleges, that PLAINTIFF will in the future be forced to incur additional expenses. Such amount is presently unknown to PLAINTIFF, who will pray leave of court to assert the same when they are ascertained.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

117. PLAINTIFF has suffered actual damages pursuant to Cal. Civil Code § 3333, including loss of earnings and future earning capacity, past and/or future medical and related expenses, attorneys' fees, and other pecuniary loss not yet ascertained, for which PLAINTIFF will pray leave of court to show the exact amount of said expenses at the time of trial.

118. As a further result of the acts and conduct of DEFENDANTS, PLAINTIFF suffered and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. PLAINTIFF will seek leave of court to amend the exact nature and extent of said damages when ascertained.

119. As a result of the discriminatory acts of DEFENDANTS, PLAINTIFF is entitled to reasonable attorneys' fees and costs of suit as specifically provided in California Government Code § 12965(b).

120. PLAINTIFF is also entitled to both declaratory and injunctive relief as a result of DEFENDANTS' unlawful conduct under the FEHA. PLAINTIFF has been damaged in an amount within the jurisdictional limits of this Court.

121. DEFENDANTS committed the acts stated herein maliciously and oppressively.

**<u>TENTH CAUSE OF ACTION</u>**

**(Violation of Government Code §12900, 12940(m) *et seq.*)**

**Failure to Provide Reasonable Accommodations**

**(Against DEFENDANTS)**

122. PLAINTIFF realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

123. California Gov. Code §12940(m) provides that it is unlawful for an employer to fail to make reasonable accommodation for an applicant or employee with a disability or medical condition. The employer also has an affirmative duty to, among other things, inform employees and applicants with a disability of other job opportunities, and ascertain whether the employee or applicant is interested in, or qualified for said positions. Additionally, an employer who regards an employee or applicant as disabled also has a duty to provide reasonable accommodation for that employee's perceived disability.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

124. DEFENDANTS were PLAINTIFF's "employer" pursuant to the FEHA and therefore covered entities, and PLAINTIFF was an employee of DEFENDANTS.

125. PLAINTIFF had a medical disability that was known to DEFENDANTS.

126. DEFENDANTS were aware of PLAINTIFF's actual medical disability; therefore, DEFENDANTS had a duty to provide PLAINTIFF with a reasonable accommodation.

127. PLAINTIFF was able to perform the essential duties with reasonable accommodation for his actual medical disability.

128. DEFENDANTS violated California Gov. Code §12940(m) by refusing to provide reasonable accommodation to PLAINTIFF.

129. As a result of the acts and conduct of DEFENDANTS, PLAINTIFF suffered and continues to suffer severe emotional distress, humiliation, nervousness, depression, discomfort, anxiety, and embarrassment. PLAINTIFF will seek leave of court to amend the exact nature and extent of said damages when ascertained.

130. PLAINTIFF suffered actual damages pursuant to Cal. Civil Code §3333, including loss of earnings and future earning capacity, past and/or future medical and related expenses, attorneys' fees, and other pecuniary loss not yet ascertained, for which PLAINTIFF will pray leave of court to show the exact amount of said expenses at the time of trial.

131. As a result of the discriminatory acts of DEFENDANTS, PLAINTIFF is entitled to reasonable attorneys' fees and costs of suit as specifically provided in California Government Code §12965(b).

132. DEFENDANTS committed the acts stated herein maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, thereby entitle PLAINTIFF to punitive damages.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

**<u>ELEVENTH CAUSE OF ACTION</u>**

**(Violation of Government Code §12940 *et seq.*)**

**Retaliation**

**(Against DEFENDANTS)**

133. PLAINTIFF re-alleges and incorporates by reference all preceding paragraphs as

if fully set forth herein.

134. PLAINTIFF engaged in legally protected activity by notifying DEFENDANTS of PLAINTIFF'S actual and/or his perceived disability and/or serious medical condition, caused by a work-related injury, and/or need for accommodations.

135. However, as a result of PLAINTIFF engaging in the aforesaid protected activities, DEFENDANTS retaliated against CLAIMANT by terminating PLAINTIFF.

136. At all times relevant herein, PLAINTIFF believes and further alleges that DEFENDANTS and their agents and employees failed to timely, properly, and/or completely investigate the discrimination, and retaliation PLAINTIFF was subjected to. As such, DEFENDANTS ratified and condoned the unlawful conduct.

137. The acts and conduct of DEFENDANTS were in violation of California Government Code §12940 *et seq*. which imposes duties upon DEFENDANTS concerning retaliation against persons, such as PLAINTIFF, on the basis of actual/perceived physical/mental disabilities and the prohibition of actual/perceived disability retaliation. The statutes were intended to prevent the type of injury and damage set forth herein.

138. By virtue of PLAINTIFF'S disability, PLAINTIFF was a member of a protected class covered by California Government Code §12940, prohibiting actual/perceived physical/mental disability retaliation at work.

139. By the acts and conduct described above, DEFENDANTS knew or should have known about, and yet failed to properly investigate, prevent, or remedy the actual/perceived physical/mental disability retaliation.

140. As a result of the acts and omissions of DEFENDANTS, PLAINTIFF was rendered sick and disabled and suffered numerous injuries, including severe emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

141. As a further result of the acts and omissions of DEFENDANTS, PLAINTIFF has been forced and/or may be forced to incur expenses for medical care and treatment and may require additional medical care in the future.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

142. PLAINTIFF has suffered and will suffer monetary damages, including but not limited to a loss of earnings and benefits. PLAINTIFF will pray leave of court to show the total amount of monetary damages when ascertained and/or at the time of trial.

143. As a further result of the acts and conduct of DEFENDANTS, PLAINTIFF has been caused, and did suffer, and continues to suffer numerous injuries. The exact nature and extent of said injuries is presently unknown to PLAINTIFF, who will pray leave of court to assert the same when they are ascertained.

144. PLAINTIFF suffered actual damages pursuant to Cal. Civil Code § 3333, including loss of earnings and future earning capacity, past and/or future medical and related expenses, attorneys' fees, and other pecuniary loss not yet ascertained, for which PLAINTIFF will seek leave of court to amend when ascertained.

145. As a result of the retaliatory acts of DEFENDANTS, as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as provided in California Government Code § 12965(b).

146. As such, PLAINTIFF is entitled to both declaratory and injunctive relief as a result of DEFENDANTS' unlawful conduct under the FEHA. PLAINTIFF has been damaged in an amount within the jurisdictional limits of this Court.

147. DEFENDANTS committed the acts stated herein maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, thereby entitling PLAINTIFF to punitive damages.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

## <u>TWELTH CAUSE OF ACTION</u>

**(Violation of Government Code Section §12940 *et. seq*.)**

**Failure to Prevent Retaliation & Discrimination**

**(Against DEFENDANTS)**

148. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

149. At all times herein mentioned Government Code §12940, et seq., including, but not limited to, Section 12940(k), was in full force and effect and was binding on

DEFENDANTS and each of them. This statute states that it is an unlawful employment practice in California for an employer “to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.” These subsections impose on an employer a duty to take immediate and appropriate corrective action to end harassment and retaliation and take all reasonable steps necessary to prevent discrimination and harassment from occurring, among other things.

150. DEFENDANTS failed to take immediate and appropriate corrective action to end the discrimination. DEFENDANTS also failed to take all reasonable steps necessary to prevent discrimination from occurring.

151. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination from occurring, DEFENDANTS violated Government Code § 12940(k), causing PLAINTIFF to suffer damages as set forth below.

152. As a direct and legal result of the acts and conduct of DEFENDANTS, PLAINTIFF has been caused, suffered, and continues to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, attorney's fees, and other pecuniary loss not presently ascertained, for which PLAINTIFF will seek leave of court to amend when ascertained.

153. As a direct and proximate result of the aforesaid unlawful acts of DEFENDANTS, PLAINTIFF has lost income and benefits in an amount to be proven at the time of trial. PLAINTIFF claims such amount as damages together with prejudgment interest pursuant to California Civil Code section 3287 and/or any other provision providing for prejudgment interest.

154. As a direct and proximate result of the aforesaid unlawful acts of DEFENDANTS, PLAINTIFF was personally humiliated and has become mentally upset, distressed, and aggravated. PLAINTIFF claims general damages for such emotional distress, and physical and mental pain and aggravation in an amount to be proven at trial.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

155. As a result of the discriminatory acts of DEFENDANTS, and each of them, as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

156. DEFENDANTS' misconduct was committed intentionally, in a malicious, despicable, pressive fraudulent manner, entitled PLAINTIFF to punitive damages against DEFENDANTS.

**THIRTEENTH CAUSE OF ACTION**

**(Violation of Government Code Section 12940 ET. SEQ.)**

**Failure to Engage in Good Faith Interactive Process**

**(Against DEFENDANTS)**

157. PLAINTIFF realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

158. At all times relevant to this action, DEFENDANTS were an employer covered by the CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (FEHA). Cal. Gov. Code Section 12900 et seq., including Section 12940(n).

159. PLAINTIFF was an employee of DEFENDANTS and a qualified individual with a medical disability within the meaning of the FEHA.

160. PLAINTIFF has a medical disability that limits a major life activity and, as such, is protected under the FEHA.

161. PLAINTIFF informed DEFENDANTS of his disability and his need for reasonable accommodation in order to perform the essential functions of his job.

162. PLAINTIFF requested reasonable accommodations from DEFENDANTS due to his disability.

163. Under California Government Code Section 12940(n), DEFENDANT had an affirmative duty to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations that would enable him to perform the essential functions of his job.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

164. Despite this duty, RESPONDENTS failed to engage in a timely, good faith, interactive process with PLAINTIFF. DEFENDANTS' failure included, but were not limited to the following:

a. Failing to discuss with PLAINTIFF his limitations and potential reasonable accommodations;

b. Failing to confer with PLAINTIFF to identify potential accommodations that could have enabled him to perform the essential functions of is job;

c. Failing to consider PLAINTIFFS requests for reasonable accommodation;

d. Terminating PLAINTIFF'S employment without exploring reasonable accommodations that could have allowed him to continue working.

165. As a direct and proximate result of DEFENDANTS' failure to engage in the good faith and interactive process, PLAINTIFF was denied the opportunity to receive reasonable accommodations that was ultimately wrongfully terminated.

166. As a further direct and proximate result of the aforesaid unlawful acts of DEFENDANTS, PLAINTIFF was personally humiliated and has become mentally upset, distressed and aggravated. PLAINTIFF claims general for such emotional distress, and physical and metal pain and aggravation in an amount to be proven at trial.

167. The unlawful acts of DEFENDANTS, as alleged above, were intentional, willful, and malicious and were done in conscious disregard of PLAINTIFFS rights, safety, and wellbeing, and with the intent to vex, injure, and annoy him. The unlawful acts of DEFENDANTS as alleged hereinabove, were carried out by supervisors, managers, officers, and/or directors of DEFENDANTS, and were directed and/or ratified by DEFENDANTS, and each of them, with a conscious disregard of PLAINTIFF'S rights such as to constitute oppression, fraud, or malice under California Civil Code § 3294 entitled PLAINTIFF to exemplary and punitive damages against DEFENDANTS in an amount appropriate to punish DEFENDANTS and deter others from engaging in similar conduct by setting an example of DEFENDANTS.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

26UC74066

**FOURTEENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy.**

**(Against DEFENDANTS)**

168. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

169. An employer's right to terminate an employee at-will is subject to limits imposed by public policy. Whenever an employer's decision to discharge an employee is based on employees' membership in a protected class, that contravenes a fundamental public policy. Such public policy must inure to the benefit of the public at large and must be grounded in some statutory, regulatory, or constitutional provision.

170. At all times during PLAINTIFF'S employment with DEFENDANTS, a fundamental public policy against discrimination in the workplace was, and is, set forth by the California Government Code Section 12920 which provides: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of…physical disability [or] medical condition."

171. At all times during PLAINTIFF'S employment with DEFENDANTS, the policy against discrimination in employment on the basis of prohibited characteristics "inures to the benefit of the public" because any type of "invidious discrimination foments strife and unrest." City of Moorpark v. Sup. Ct. (Dillion), 18 Cal. 4th 1143, 1160 (1909) (internal quotes omitted).

172. DEFENDANTS violated these fundamental public policies by causing the wrongful termination of PLAINTIFF'S employment on or about October 17, 2023, because of PLAINTIFF'S disability, disability related conditions, and/or taking leave related to PLAINTIFF's disability and/or for complaining about unsafe working conditions.

173. The actions of DEFENDANTS constituted a wrongful discharge of PLAINTIFF and/or wrongful adverse actions against PLAINTIFF in violation of these fundamental public policies and were a substantial factor in causing damages and injuries to PLAINTIFF, as set forth below.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

174. As a direct and proximate result of the aforesaid unlawful acts of DEFENDANTS, PLAINTIFF has lost income and benefits in an amount to be proven at the time of trial. PLAINTIFF claims such amount as damages together with prejudgment interest pursuant to California Civil Code section 3287 and/or any other provision providing for prejudgment interest.

175. As a direct and proximate result of the aforesaid unlawful acts of DEFENDANTS, PLAINTIFF was personally humiliated and has become mentally upset, distressed and aggravated. PLAINTIFF claims general damages for such emotional distress, and physical and mental pain and aggravation in an amount to be proven at trial.

176. The unlawful acts of DEFENDANTS, as alleged above, were intentional, willful, and malicious and were done in conscious disregard of PLAINTIFF's rights, safety, and well-being, and with the intent to vex, injure, and annoy him. The unlawful acts of DEFENDANTS, as alleged hereinabove, were carried out by supervisors, managers, officers and/or directors of DEFENDANTS, and were directed and/or ratified by DEFENDANTS, and each of them, with a conscious disregard of PLAINTIFF's rights such as to constitute oppression, fraud, or malice under California Civil Code § 3294 entitled PLAINTIFF to exemplary and punitive damages against DEFENDANTS, in an amount appropriate to punish DEFENDANTS and deter others from engaging in similar conduct by setting an example of DEFENDANTS.

## FIFTEENTH CAUSE OF ACTION

## Violation of California Business and Professions Code § 17200, et seq.

**(Against DEFENDANTS)**

177. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

178. DEFENDANTS have engaged in unfair competition in violation of California Business and Professions Code section 17200, et seq.; DEFENDANT's retaliatory and discriminatory treatment, and failure to initiate and participate in the good-faith interactive process, and violation of the labor code as alleged herein, constitute unlawful activity prohibited

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

by Business and Professions Code section 17200, et seq., including, but not limited to, Sections 17200, 17202, and 17203.

179. DEFENDANTS committed the acts stated herein maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, thereby entitling PLAINTIFF to punitive damages.

180. THEREFORE, PLAINTIFF requests relief as described below:

**PRAYER**

THEREFORE, REPRESENTATIVE PLAINTIFF prays for judgment against DEFENDANT, and Does 1 through 50, and each of them, as follows:

1. For compensatory damages in a sum according to proof;
2. For wages pursuant to the California Labor Code;
3. For damages and/or penalties, an award of costs and reasonable attorney's fees pursuant to the California Labor Code;
4. For penalties pursuant to the California Labor Code;
5. For punitive damages;
6. That DEFENDANTS be found to have engaged in unfair competition in violation of California Business and Professions Code section 17200, *et seq.;*
7. That DEFENDANTS be ordered and enjoined to make restitution to PLAINTIFF due to their unfair competition, pursuant to California Business and Professions Code sections 17203 and 17204;
8. That DEFENDANTS further be enjoined to cease and desist from unfair competition in violation of California Business and Professions Code section 17200, *et seq.;*
9. For prejudgment interest pursuant to California Civil Code section 3287 and/or section 3288;
10. For attorneys' fees, interests and costs of suit pursuant to Labor Code sections 218.5, 218.6, 1194(a) and Code of Civil Procedure section 1021.5; and
11. For such other and further relief as the Court deems just and proper.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

Dated: July 30, 2026

**HAIG B. KAZANDJIAN LAWYERS, APC.**

By: ______________________

Haig B. Kazandjian, Esq.
Cathy Gonzalez, Esq.
Joseph C. Rocha. Esq.
*Attorneys for Plaintiff TRAVIS LOW*

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

26UC74066

July 29, 2026

Haig Kazandjian
801 North Brand Boulevard Suite 1015
Glendale, CA 91203

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202607-36436729
Right to Sue: Low / FISHER SAND & GRAVEL CO.

Dear Haig Kazandjian:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov
KEVIN KISH, DIRECTOR

26UC74066

July 29, 2026

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202607-36436729
Right to Sue: Low / FISHER SAND & GRAVEL CO.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

26UC74066

July 29, 2026

Travis Low
801 N Brand Blvd
Glendale, 91203

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202607-36436729
Right to Sue: Low / FISHER SAND & GRAVEL CO.

Dear Travis Low:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective July 29, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

26UC74066

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
# BEFORE THE STATE OF CALIFORNIA
## Civil Rights Department
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Travis Low CRD No. 202607-36436729
Complainant,
vs.

FISHER SAND & GRAVEL CO.
,

Respondents

---

**1.** Respondent **FISHER SAND & GRAVEL CO.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Travis Low**, resides in the City of **Glendale,** State of **.**

**3**. Complainant alleges that on or about **October 17, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra).

**Additional Complaint Details:**

VERIFICATION

I, **JOSEPH C. ROCHA**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On July 29, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**GLENDALE, CA.**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
FISHER SAND & GRAVEL CO.; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
TRAVIS LOW,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Independence Courthouse
168 North Edwards Street, Independence, CA 93526

CASE NUMBER:
*(Número del Caso):*
26UC74066

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Haig B. Kazandjian Lawyers APC; 801 North Brand Blvd, Suite 1015, Glendale, CA 91203; (818) 696-2306;

DATE: *(Fecha)* 07.30.2026 Ali R. McMurry, Clerk, by *(Secretario)* ______, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Haig B. Kazandjian, Esq. (SBN 278622); Joseph C. Rocha Esq. (SBN 315164)
FIRM NAME: HAIG B. KAZANDJIAN LAWYERS, APC
STREET ADDRESS: 801 North Brand Blvd, Suite 1015
CITY: Glendale STATE: CA ZIP CODE: 91203
TELEPHONE NO.: 818-696-2306 FAX NO.: 818-696-2307
EMAIL ADDRESS: haig@hbklawyers.com; joseph@hbklawyers.com
ATTORNEY FOR (*name*): Plaintiff, Travis Low

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California, Inyo County
**07/30/2026 at 05:17:21 PM**
By: Sara Nelson, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF INYO**
STREET ADDRESS: 168 North Edwards Street
MAILING ADDRESS: 168 North Edwards Street
CITY AND ZIP CODE: Independence, CA 93526
BRANCH NAME: Independence Courthouse

CASE NAME:
Travis Low v. Fisher Sand & Gravel Co., et al.

**CIVIL CASE COVER SHEET**

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26UC74066
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. ☒ monetary
b. ☒ nonmonetary; declaratory or injunctive relief
c. ☒ punitive

4. Number of causes of action *(specify):* 15

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 30, 2026

Haig B. Kazandjian
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



For your protection and privacy, please press the Clear button after you have printed the form.
Print Save Clear

# Superior Court of California, County of Inyo
# Alternative Dispute Resolution (ADR)
# Program Information Packet

## Overview and History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes in a cooperative manner outside of court or without going to a trial. ADR can be faster, cheaper, and less stressful than going to court. Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

Since 2008, the Superior Court of California, County of Inyo has been in the process of developing its ADR program, with particular emphasis on mediation. The Court received a grant from the Administrative Office of the Court (AOC) to implement and develop a court-connected Civil Mediation and Settlement Program. The project includes the training of mediators and the development of a court approved panel of trained and experience mediators to assist in the mediation and/or the settlement of cases pending before the court. The project also envisions establishment of a community based mediation program to assist in the settlement of disputes before they are filed in the judicial system. While ADR methods are generally most effective in a face-to-face setting, efforts will be made to provide ADR services to remote locations in Inyo County by Tele-conferencing equipment as available and to provide the services of ADR experts from other geographical locations by electronic methods.

Effective July 1, 2010, The Court has provided for participation in mandatory mediation by parties in most general civil cases by amendments to the Local Rules of Court, section 6.4.1 et. seq.

This ADR Information packet and a “Stipulation to Participate in Mediation” must be served with all applicable civil complaints (Local Rule 6.5 (d)).

The Court currently provides trained mediators at no cost to the parties through an AOC grant. The Court is also finalizing a “Fee-for-service” Court Approved Mediation Panel for use by parties in all general civil cases. Information about the Mediators on the Court Approved Mediation Panel will be provide by the Court and listed on the Courts Website. Forms for ADR participation and compliance reporting will be provided by the Court and available at the Court website.

Complaints about ADR neutrals in court programs are rare. If you have a complaint or a concern about a neutral who handled a case as part of the court’s ADR program, please refer to Local Rules of Court section 6.4.2 et. seq.

## Court-Connected Dispute Resolution

### *Disputes*

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of dispute often settled by ADR include, but are not limited to:

- Business disputes- contracts, partnerships
- Property/Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property division, child custody, visitation & support
- Consumer/Collection disputes, - repairs, services, warranties, debts
- Employment disputes – employment contracts, terminations, work conditions
- Landlord/Tenant disputes – evictions, rent, repairs, security deposits
- Neighborhood disputes/Relational disputes or other civil or personal conflicts
- Personal injury/Insurance disputes – accidents, coverage, liability

### *Processes*

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained impartial person (a neutral) decides or helps the parties reach a resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often assist parties in resolving disputes without having to continually go to court or to a trial. Below is a description of the commonly used processes.

### *Mediation*

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike trials or other types of ADR, the mediator **does not** decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary, confidential process while working towards a resolution. The mediation process is the most commonly used form of ADR in civil cases and can provide the greatest level of flexibility for parties.

## ***Arbitration***

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute**.** This is different from mediation in which the mediator helps the parties reach their own resolution. Arbitration normally is more informal, quicker and less expensive than a trial. In a matter of hours, an arbitrator often can hear a case that otherwise may take days or weeks in court to litigate. This is because the evidence can be received by documents rather than by testimony (live witnesses).

1. **Binding arbitration**: Usually conducted by private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-Binding arbitration:** May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for a trial with the court within a specified time. However (depending on the process) if that party does not receive a more favorable result at trial they <u>may</u> have to pay a penalty.

## ***Case Evaluation***

In case evaluation, the evaluator (a neutral) usually an attorney or other professional in the subject area, gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at least, help the parties prepare to resolve the dispute at a later time. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and/or have technical or scientific questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

## ***ADR Agreements***

Agreements reached through ADR are normally written and can become binding contracts that can be enforced by the court, if the parties agree. Parties may choose to seek the advice of an attorney as to their legal rights and other matter relating to the dispute before finalizing any agreement.

## ***ADR Process Selection and Information***

There are several other types of ADR. This other types of ADR include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the Court Arbitration Administrator or

the ADR Coordinator for assistance with additional information and referral to services appropriate for each type of case.

## ***Advantages and Disadvantages of ADR***

### ***Advantages of ADR***

- **Often quicker than going to trial**.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the court case becomes costly. ADR has been used to resolve disputes even after trial, when results are pending an appeal.

### ***Disadvantages of ADR***

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have had sufficient time to acquire information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual trial cost, such as attorney's fees, expert fees, and court costs.
- Lawsuits must be brought within a specified time period, known as the Statute of Limitations. Parties must be careful not to let a Statute of Limitation period run out while the dispute is in an ADR process.

## ***Neutral Selection***

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs and the Superior Court of California, County of Inyo have established qualification requirements for neutrals.

A list of trained and/or experienced mediators will be available to assist parties on a fee-for-service basis. These individual have met the requirements to participate on the Court's panel and provide dispute services, including the requirements of the Dispute Resolution Program Act (DRPA). **Panelists are not Court employees; therefore services, styles and expertise will vary by individual provider.**

A list of Court approved mediators who provide mediation service on a voluntary basis will also be maintained for use in cases involving self-represented litigants or those unable to afford a private mediator. The Court Arbitration Administrator and the ADR Coordinator will assist parties in locating outside private mediation and other ADR services, including free or low cost community-based mediation services funded by the Dispute Resolution Program Act (DRPA), such as the Eastern Sierra Mediation Service.

## ***ADR Checklist:***

1. Plaintiffs and cross-complainants in all general civil cases must serve a copy of this ADR Program Information Packet and a copy of Local Form ADR-001 "Stipulation to Mediation" on all defendants and new cross-defendants. (Local Rule of Court, 6.5 (d), effective July, 1, 2010)
2. Attorneys must provide of the ADR Information Packet to, and review its contents with, their Clients.
3. Attorneys and/or self-represented parties must be prepared to discuss Mediation or ADR alternatives at the Case Management Conference (CMC).

**For more information, go to www.inyocourt.ca.gov/adr, or contact:**

**Ali R. McMurry, ADR Coordinator**
**301 West Line Street**
**Bishop, CA 93514**
**Tel. (760) 872-6728**



# EXHIBIT B

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Haig B. Kazandjian, Esq. (SBN 278622); Joseph C. Rocha Esq. (SBN 315164)<br>FIRM NAME: HAIG B. KAZANDJIAN LAWYERS, APC<br>STREET ADDRESS: 801 North Brand Blvd, Suite 1015<br>CITY: Glendale STATE: CA ZIP CODE: 91203<br>TELEPHONE NO.: 818-696-2306 FAX NO. : 818-696-2307<br>E-MAIL ADDRESS: haig@hbklawyers.com; joseph@hbklawyers.com<br>ATTORNEY FOR (*Name*): Plaintiff, Travis Low | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** INYO<br>STREET ADDRESS: 168 North Edwards Street<br>MAILING ADDRESS: 168 North Edwards Street<br>CITY AND ZIP CODE: Independence, CA 93526<br>BRANCH NAME: Independence Courthouse | |
| Plaintiff/Petitioner: Travis Low<br>Defendant/Respondent: Fisher Sand & Gravel Co. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>26UC74066 |

TO *(insert name of party being served):* Defendant, Fisher Sand & Gravel Co.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 7, 2026

Joseph C. Rocha, Esq.
(TYPE OR PRINT NAME)

/s/ Joseph C. Rocha
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*

1. Complaint; 2. Summons; 3. Civil Case Cover Sheet; 4. Alternative Dispute Resolution

***(To be completed by recipient):***

Date this form is signed: August 27, 2026

Martin P. Vigodnier
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

**Print this form** **Save this form** **Clear this form**